IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM RUSSIA ) <br> IN THE MATTER OF ) <br> DIXIS-TRADING ) | Misc. No. 06- |

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged customs fraud.

EVIDENCE SOUGHT:

The Russian authorities seek information from the Delaware Secretary of State's Office and a company that may reside in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Russia and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No. 2199
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 4/5/06

| Procurator General's Office | Ms. Mary Ellen Warlow |
| of the Russian Federation | Director |
| | Office of International Affairs |
| 15A Bolshaya Dmitrovka | U.S. Department of Justice |
| Moscow, GSP-3, 125993, Russia | |
| | 1301 New York Ave. NW |
| 16 .12.2005 Our ref. 35/2-33 57-05 | Washington, D.C. 20005 |

Dear Ms. Director:

The Procurator General's Office of the Russian Federation presents its compliments to the U.S. Department of Justice and, pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of 17 June, 1999, kindly requests legal assistance in criminal matter No. 290980 instituted under Article 188(4) of the Criminal Code of the Russian Federation on the fact of contraband importation of cellular phones.

The essence of the assistance sought is set forth in a request of the Investigatory Committee at the Russian Ministry of Internal Affairs.

Please note that the Russian Federation legislation of criminal procedure provides for limited period of pre-trial investigation of criminal cases. The breach of the procedural period may adversely affect the results of investigation of a criminal case, as well as bringing guilty persons to justice. You are therefore kindly asked to use your good office in order to have the request in question executed as soon as possible, by 1 March, 2006, at the latest, and transmit the documents obtained to the Procurator General's Office of the Russian Federation.

The Procurator General's Office of the Russian Federation guarantees that any information and documentation provided will be used for the purposes of the investigation only, in order to ensure it being comprehensive, thorough and impartial, and will not affect the sovereignty, security or public order of the United States of America.

Please advise the Procurator General's Office of the Russian Federation of the reasons, if any, impeding fulfillment of the request, without delay. If partially executed, we would be grateful if you could inform of that and send the materials to our office.

The Procurator General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its willingness to provide similar or another kind of legal assistance in criminal matters to the U.S. law enforcement agencies.

Enclosure: 20 pages

Chief
International Law Department       /signed/       R.A. Adelkhanyan

*Translated from Russian*

**MINISTRY OF THE INTERIOR OF THE RUSSIAN FEDERATION INVESTIGATIVE COMMITTEE ATTACHED TO THE MINISTRY OF THE INTERIOR**
**Gazetny side-street, 6, 125009, Moscow**

To the competent authorities
of the United States of America

Re: Request of legal assistance in the criminal case

The Investigative Committee attached to the Ministry of the Interior of the Russian Federation presents its compliments to the Ministry of Justice of the United States of America and requests legal assistance in criminal case # 290980 connected with repeated contraband movement of the means of communication - cellular telephones of the CDMA, GSM and DECT standards as well as accessories to them across the customs border of the Russian Federation with the fraudulent use of documents committed by unidentified persons.

This criminal case was instituted on August 24, 2005 on a basis of indices of the crime envisaged by the art. 188, paragraph 4 of the Penal Code of the Russian Federation (see Annex).

Circumstances of the case

It is ascertained that in the period from January 1, 2005 to August 13, 2005 an organized criminal group illegally brought in the Russian Federation cellular telephones of the CDMA, GSM and DECT standards as well as accessories to them. In particular, on August 10, 2005 5 tons of the Siemens cellular telephones were delivered to the Sheremetyevo cargo airport by the flight 9234. Recipient of these goods was the limited liability company (OOO) "Dixis-Trading" (Moscow, Russia).

On August 11, 2005 to the same airport 55 tons of the Nokia and Samsung cellular telephones and accessories to them were delivered by the flight 920. On August 13, 2005 15 tons of the Siemens and Philips cellular telephones were delivered by the flight 904. At the Sheremetyevo customs control post the persons submitting declarations substituted the genuine invoices for the forged ones where official value was understated by 2 - 3 times. These criminal actions committed by

unidentified persons inflicted to the State a damage exceeding 1 000 000 USD.

In the course of the further investigation it was accertained that real recipients of the means of communication were employees of the limited liability companies (OOO): OOO "Iled-M", OOO "Dixis Trading", OOO "Severen.N", OOO "Beta-Link", and OOO "Ultrastar". While declaring contraband cargo delivered to the territory of the Russian Federation they used requisites of the shall companies: OOO "Orton Trinity", OOO "Stroycomplect", OOO "Russtroy", OOO "Mega Aliance", OOO "Alternativa M", OOO "MS Farm", OOO "Stroygarant", OOO "Stroydvor", OOO "Remdorproyekt", OOO "Metal ST", OOO "Impex Avto", OOO "Stroykomplekt", OOO "Eromark-Inter", OOO "Eurolog", OOO "Marko-Market", privat limited company (ZAO) "NVP Bolid", OOO "SK Senator", ZAO "Shindler", OOO "Vintars", OOO "Korporatsia Eti-Sviaztekhnologii", autonomous non-profit organization "KB Korund-M", OOO "Nestle Food", OOO "Linzmaster", OOO "Snabexpo", OOO "Pragmatik", OOO "Mosavto", OOO "Kordeli", OOO "Dzhii-Vniizm", OOO "Amtrade", OOO "Esfer", OOO "Grand Vision", OOO "Rial City", OOO "Evroset" and OOO "Antares" registered with the use of the passport data of the persons in no way connected with activity of the companies listed above.

According to the documents obtained at the customs control post the company "Rochdale LLC" (1220, N. Market street, suite 606, Wilmington, DE 19801, USA) was one of the shippers of the cargo. At the same time in the customs declaration the "Motorola Electronics PTE LTD" is declared as shipper with the same address.

For purposes of a comprehensive, full and unbiased investigation of the present case and its trial a necessity has arisen to conduct investigative action on the territory of the United States of America.

In compliance with the Agreement between the United States of America and the Russian Federation on Mutual Legal Assistance in Criminal Matters of 17.06.1999 and Additional Protocol thereto of 17.03.1978 I am requesting you to:

1. Identify owners, managers and employees of the company "Rochdale LLC" (1220, N. Market street, suite 606, Wilmington, DE 19801, USA) and obtain their testimonies on the following matters:
   - who is the owner, founder of this company;
   - from what time is the company active, what kind of activity it performs;
   - where the central and representative offices are situated;

- who controls the funds on its bank accounts;
- whether they know the following companies: OOO "Iled-M" (Moscow), OOO "Dixis Trading" (Moscow), OOO "Severen.N" (Moscow), OOO "Beta-Link" (Moscow), OOO "Ultrastar" (Moscow), OOO "Orton Trinity" (Moscow), OOO "Stroycomplect" (Moscow), OOO "Russtroy" (Moscow), OOO "Mega Aliance" (Moscow), OOO "Alternativa M" (Moscow), OOO "MS Farm" (Moscow), OOO "Stroygarant" (Moscow), OOO "Stroydvor" (Moscow), OOO "Remdorproyekt" (Moscow), OOO "Metal ST" (Moscow), OOO "Impex Avto" (Moscow), OOO "Stroykomplekt" (Moscow), OOO "Eromark-Inter" (Moscow), OOO "Eurolog" (Moscow), OOO "Marko-Market" (Moscow), privat limited company (ZAO) "NVP Bolid" (Moscow), OOO "SK Senator" (Moscow), ZAO "Shindler" (Moscow), OOO "Vintars" (Moscow), OOO "Korporatsia Eti-Sviaztekhnologii" (Moscow), autonomous non-profit organization "KB Korund-M" (Moscow), OOO "Nestle Food" (Moscow), OOO "Linzmaster" (Moscow), OOO "Snabexpo" (Moscow), OOO "Pragmatik" (Moscow), OOO "Mosavto" (Moscow), OOO "Kordeli" (Moscow), OOO "Dzhii-Vniizm" (Moscow), OOO "Amtrade" (Moscow), OOO "Esfer" (Moscow), OOO "Grand vision" (Moscow), OOO "Rial City" (Moscow), OOO "Evroset" (Moscow) and OOO "Antares" (Moscow);
- whether they know where the central and representative offices of the said companies are situated;
- their legal and real addresses, phone and fax numbers;
- what contractual relations has the "Rochdale LLC" (1220, N. Market street, suite 606, Wilmington, DE 19801, USA) with the said companies;
- what representatives of the said companies are they acquainted with;
- where and in what circumstances have they got acquainted;
- whether they got acquainted in the USA, in Russia or in other country;
- who introduced them;
- if they were already acquainted, when, where and in what circumstances had they got acquainted;
- how many times did they meet each other;
- whether they communicated via cellular telephones;
- if so, what cellular phone numbers do they know;
- with whom the shipment of the cellular telephones was negotiated;
- where and when the negotiations were conducted: in the USA, in Russia or in other country;

- if the negotiations were conducted in the USA, in what place;
- if the negotiations were conducted in Russia or other country, in what place;
- where the contracts were concluded: in the USA, in Russia or in other country;
- if the contracts were concluded in the USA, in what place;
- who traveled to the USA;
- if the negotiations were conducted in the USA, who provided for viza support;
- when and by what flight the representatives of the Russian companies arrived in the USA;
- where were they registered;
- in what way the payments under the contracts were performed (in cash, by clearings);
- whether they shipped to the companies listed above cellular telephones of the CDMA, GSM and DECT standards in the period from January 1, 2005 to August 13, 2005;
- if so, when and by what lots;
- in what way the goods were shipped;
- by what companies, flights;
- whether the Russian representatives participated in the control of dispatch and received any shipping documents;
- who paid for the shipment;
- with what other Russian companies did they have contractual relations;
- what kind of relations, what representatives of these companies do they know;
- in what way the companies "Motorola Electronics PTE LTD" and "Rochdale LLC" linked with each other;
- why these companies have the same address.
2. Ascertain with what bank has the company "Rochdale LLC" (1220, N. Market street, suite 606, Wilmington, DE 19801, USA) its accounts.
3. If hearing of the witnesses results in identification of the representatives of the Russian companies listed above who traveled to the USA, obtain information about their hotel registration.

Before the hearing the witnesses shall be advised about their rights and duties according to the art. 56 of the Code of Criminal Procedure of the Russian Federation as well as warned of responsibility for knowingly false testimony according to the art. 307 of the Penal Code of the Russian Federation, for refusal to give testimony according to the art. 308 of the

Penal Code of the Russian Federation and for disclosure of data of preliminary investigation according to the art. 310 of the Penal Code of the Russian Federation if it does not contradict legislation of the United States.

Please make the interrogations in a written form with the signatures of the witnesses and of the official who has conducted the interrogation. In case of denial of a witness to sign the document please indicate the reason of that.

Please send the results of the present request performance to the Investigative Committee attached to the Ministry of the Interior of Russia authorizing each document with the official stamp of the competent authority. Should there be a delay in performing the request and also should there be a full or partial denial of legal assistance please inform the Russian party about it immediately via the Interpol channels.

The information and documents contained in the present request is confidential and destined solely for official use because it is secret of the investigation. In return we guarantee that the data obtained as a result of this request performance are not subject to their transfer to third persons and will bee used solely for the interests of the investigation of the criminal case.

The Investigative Committee attached to the Ministry of the Interior of Russia asks the executor of the request to perform the above mentioned investigative actions related to criminal case # 290980 and uses the occasion to assure you of out highest consideration and readiness to render mutual legal assistance within the framework of the mentioned Agreement.

Contact telephone (fax): (095) 222 58 59.

Annex: Extract from the Penal Code of the Russian Federation on 3 pages, 1 copy; extract from the Code of Criminal Procedure of the Russian Federation on 2 pages, 1 copy

Investigator of cases of special importance
of the Investigative Committee attached to the
Ministry of the Interior of Russia
        [signature]                               A.V. Kisin

/Official seal of the Investigative Committee attached to the
Ministry of the Interior of the Russian Federation/



## Extract from the Penal Code of the Russian Federation

### Article 188. Contraband

1. Contraband, that is movement in large amount across the customs boundary of the Russian Federation of goods or other objects, with the exception of those specified in part two of the present article, performed in avoidance of or with concealment from customs control, or with fraudulent use of documents or means of customs identification, or associated with non-declaration of false declaration, -
is punishable by fine in the amount of from hundred of thousand rubles to three hundred of thousand rubles or in the amount of the labor wage or other income of a convicted person of the period from one year to two years, or is punishable by imprisonment for a term of up to 5 years.

2. Movement across the customs boundary of the Russian Federation of narcotic substances, psychotropic, strong-acting, poisonous, toxic, radioactive or explosive substances; arms; explosive devices, firearms or munitions; nuclear, chemical, biological and other types of mass destruction weapons; materials and equipment which may be used in making weapons of mass destruction and in regard to which special rules of movement across the customs boundary of the Russian Federation; strategically important raw goods and cultural valuables in regard to which special rules of movement across the customs boundary of the Russian Federation have been established, if this action is performed in avoidance of or with fraudulent use of documents or means of customs identification or is associated with non-declaration or false declaration, -
is punishable by imprisonment for a term of from 3 to seven years with a fine in the amount of one million rubles or in the amount of the labor wage or other income of a convicted person of the period of to five years or without such.

3. Actions specified in parts one or two of the present article and performed:
a) repeatedly;
b) by an official with the use of his official position;
c) with application of force to the person implementing customs control, -
are punishable by imprisonment for a term of from five to ten years with a fine in the amount of to one million rubles or in the amount of the labor wage or other income of a convicted person for a period of to five years or without such.

4. Actions specified in parts one, two or three of the present article, performed by an organized group, -
punishable by imprisonment for a term of from seven to twelve years with a fine in the amount of to one million rubles or in the amount of tha labor wage or other income of a convicted person for a period of to five years or without such.

### Article 307. Knowingly false testimony, expert conclusion or incorrect translation

1. Knowingly false testimony of a witness or victim, or expert conclusion, and likewise the knowingly incorrect translation in court or in proceedings of the preliminary investigation, -
are punishable by a fine in the amount of from 100 to 200 times the amount of the minimum labor wage or in the amount of the labor wage or other income of the convicted person for a period of from 1 to 2 months, or by compulsory work for a period of from 180 to 240 hours, or by correctional work for a term of up to 2 years, or by arrest for a term of up to 3 months.
2. The same actions, in conjunction with accusation of a peson in committing a grave or especially grave crime, -
are punishable by imprisonment for a term of up to 5 years.

**Note:** A witness, victim, expert or translator is absolved from criminal responsibility if he voluntarily, in the course of the inquiry, preliminary investigation or judicial proceedings and prior to issuance of the court sentence or court ruling, announces the falseness of the testimony or conclusion h as given, or the incorrectness of his translation, of which he is aware.

### Article 308. Refusal of witness or victim to give testimony

Refusal of witness or victim to give testimony, -
is punishable by a fine in the amount of from 50 to 100 times the amount of the minimal labor wage or in the amount of the wages or other income of the convicted person for a period of up to 1 month, or by compulsory work for a period of from 120 to 180 hours, or by correctional work for a term of up to 1 year, or by arrest for a term of up to 3 months.

**Note:** A person is not subject to criminal responsibility for refusing to give testimony against himself, his spouse or his close relatives.

**Article 310. Disclosure of data of preliminary investigation**

Disclosing the data of a preliminary investigation by a person who has been warned in accordance with the procedure established by low regarding the inadmissibility of such disclosure, if it is performed without the consent of the prosecutor, investigator, or person conducting the inquiry, -
is punishable by a fine in the amount of from 100 to 200 times the amount of the minimal labor wage or in the amount of the wages or other income of the convicted person for a period of from 1 to 2 months, or by correctional work for a term of up to 2 years, or by arrest for a term of up to 3 months

"The extract is correct"

Investigator of cases of special importance
of the Investigative Committee attached to the
Ministry of the Interior of Russia
       [*signature*]                      A.V. Kisin

*/Official seal of the Investigative Committee attached to the
Ministry of the Interior of the Russian Federation/*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST    )
FROM RUSSIA                )
IN THE MATTER OF           )  Misc No. 06-
DIXIS-TRADING             )

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2006.

_____
United States District Court Judge